PER CURIAM.
This cause is before us on appeal from an order awarding medical care evaluations, wage loss without deemed earnings, penalties and interest, payment of certain chiropractic bills, and taxable costs. The employer and carrier (E/C) contend that the judge of compensation claims erred in: (1) awarding claimant full wage-loss benefits without allowing for deemed earnings; (2) ordering the E/C to pay the past bills of an unauthorized chiropractor; (3) finding that the E/C controverted claimant’s low-back condition; and (4) awarding costs and interest, and reserving jurisdiction for determination of attorney fees.
We affirm on all issues and find it necessary to discuss only the finding that the E/C controverted claimant’s low-back condition. That issue was not raised for determination by the judge. Further, the record indicates that the E/C paid wage-loss benefits based on claimant’s impairment, including his low-back injury and authorized chiropractic care for claimant. The judge, however, ruled that the E/C controverted the low-back claim because the E/C asked questions in depositions and at the hearing which related to the background and extent of claimant's injury, and because the E/C failed to pay for a subsequent chiropractor. We hold the E/C were entitled to pose questions concerning claimant’s back injury for a number of reasons, including determination of severity and claimant’s credibility, and cannot be held to have controverted the claim on the basis of having posed questions at depositions and hearing. Further, the issue of whether or not the claim was controverted was never noticed for trial, was not raised in the pretrial or at hearing, was not raised as a defense, nor supported by proof. Accordingly, the judge’s finding that the E/C controverted the claim should be stricken from the order.
SHIVERS, C.J., and BOOTH and WOLF, JJ., concur.